JAMES K. WARD, ESQ. (SBN 117639)
DANIEL P. JAY, ESQ. (SBN 215860)
EVANS, WIECKOWSKI & WARD, LLP
745 University Avenue
Sacramento, CA 956825
Tel:  (916)923-1600
Fax:  (916)923-1616

Attorneys for Defendant(s)
CAMERON PARK COMMUNITY SRVICES DISTRICT

## UNITED STATES DISTRICT COURT

### Eastern District of California

### Sacramento Division

| | |
|---|---|
| TAMMY MEFFORD, | Case No.:  **2:09-CV-02992 JAM-KGM** |
| Plaintiff(s), | **ORDER ON DEFENDANTS' (CAMERON PARK COMMUNITY SERVICES DISTRICT, DAVID JOHNSON, ALAN CLARKE) SPECIAL MOTION TO STRIKE (Anti-Slapp) [CCP 425.16]** |
| vs. | |
| CAMERON PARK COMMUNITY SERVICES DISTRICT, a public entity; ALAN CLARKE, an individual; DAVID M. JOHNSON, an individual and; KENNETH E. CATER an individual | **Date;  June 30, 2010** <br> **Time:  9:30 a.m.** <br> **Dept.:  6** |
| Defendant(s). | **Before the Honorable John Mendez** |

The respective Anti-SLAPP Special Motions to Strike (California Code of Civil Procedure § 425.16) by Defendants, Cameron Park Community Services District, David M. Johnson and Alan Clarke came on for hearing in Department 6 on June 30, 2010. Michael Ahmad appeared on behalf of Plaintiff Tammy Mefford. James K. Ward appeared on behalf of Cameron Park Community Services District.  Domenic Spinelli appeared on behalf of David M. Johnson.  Derek Haynes appeared on behalf of Alan Clarke.

After full consideration of the written and oral submissions by the parties, the Court rules as follows:

The Court grants each Defendant's Motion to Strike as to Plaintiff's eighth, ninth, and tenth causes of action.

The Court notes that Plaintiff did argue, as a preliminary matter, that if the Court was inclined to grant these Motions to Strike, that she should be given an opportunity to conduct discovery to make a prima facie showing of fact to demonstrate that she will prevail at trial.  The Court finds that in doing so that Plaintiff has incorrectly read *Rogers v. Home Shopping Network, Inc.*, (Central Dist. CA 1999) 57 F.Supp.2d 973, to hold that the Special Motion to Strike must be used as a summary judgment motion.  While it is true that a Special Motion to Strike may be used as a summary judgment motion, this will occur only in those cases where the motion is based on a plaintiff's alleged failure of proof.  A Special Motion to Strike must be decided pursuant to the standards of FRCP Rule 12(b)(6) or Rule 56.  "If a defendant makes a special motion to strike based on the alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of Section 425.16(c) applies."  (*Rogers v. Home Shopping Network, Inc.*, (Central Dist. CA 1999) 57 F.Supp.2d 973, 983.)

In this case before this Court, the Defendants' Motions to Strike are based on the deficiencies in the Plaintiff's First Amended Complaint.  Defendants all argue that Plaintiff alleges no facts to support her theory that Defendants' speech was not protected.  And in this case, the Court has treated these three Anti-SLAPP motions as motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Eighth Cause of Action for Invasion of Privacy (False Light)**

In terms of the eighth cause of action the Court finds that the Plaintiff has not alleged facts to meet the elements of this claim. The Defendants have demonstrated that their alleged statements were made in a public forum and related to an issue of public concern.

Specifically, the Defendants criticized Plaintiff's work performance and professional competence in front of her staff and the public. By doing so, that does not support a cause of action for publication of private facts in a false light because the facts in this case, as alleged, were an issue of public concern.

As the general manager of a community services district, the Plaintiff was the highest level management appointee who was directly responsible to the board of directors for the implementation of policies established by the board of directors. Public discussion about the qualifications of those who hold or wish to hold positions of public trust presents the strongest possible case for application of the safeguards afforded by the First Amendment. (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 479.)

Plaintiff has alleged that the offending statements related to her work at the district. Thus, by her own admission, Defendants' statements are protected because her work as the general manager of the district is an issue of public interest. As the general manager of the district, Plaintiff was in charge of an entity that provided vital public services. Plaintiff has not identified any fact to dispute the importance of her position or how her employment would not greatly affect the public interest.

There are also no factual allegations regarding an improper disclosure of Plaintiff's employment information in the Plaintiff's First Amended Complaint as it stands now. Although Plaintiff contends that some of the Defendants' statements were made during private conversations, she does not address in her opposition the fact that private conversations

regarding public issues are also protected under the Anti-SLAPP statute.  (*Averill v. Superior Court* (1996) 42 Cal.App.4th 1170, 1175.)

Further, although Plaintiff argues that information regarding personal employment matters is private, Plaintiff has failed to address the fact that not all information regarding employment matters are private and confidential, especially those that relate to employees with important public functions.

Plaintiff has raised an argument that the Defendants released two pages of a confidential investigative report.  However, that allegation does not appear anywhere in either the original complaint or the First Amended Complaint.  This allegation is only found in Plaintiff's declaration, which the Court has considered only for purposes of whether it should grant leave to amend.

Plaintiff, in short, cannot ignore the deficiencies of the First Amended Complaint and re-characterize her factual allegations through her recently submitted declaration.  As such, Plaintiff has not demonstrated that she will prevail on her eighth cause of action.  For that reason, the Defendants' motions to strike the eighth cause of action are granted.

**<u>Ninth Cause of Action for Invasion of Privacy (Public Disclosure of Private Facts)</u>**

The ninth cause of action is for invasion of privacy, public disclosure of private facts. Defendants have argued that, for the same reasons that Plaintiff's eighth cause of action is protected by the First Amendment, so too is Plaintiff's ninth cause of action and, thus, it should be stricken.  The Court agrees.

To prevail on the ninth cause of action, the plaintiff must prove that there was a public disclosure of private facts which would be offensive and objectionable to a reasonable person and which is not of legitimate public concern.

Again, in this case Plaintiff has admitted in her First Amended Complaint that Defendants' statements were made in a public forum by alleging that on numerous occasions, and in a public forum, Defendants spoke openly to the public regarding Plaintiff's private employment affairs.  (First Amended Complaint at ¶ 87)  Plaintiff's contention that information regarding her employment is private is not supported by these allegations.  Rather, the alleged statements were made in connection to an issue of public interest as required under California Code of Civil Procedure § 425.16(e).

Again, as general manager of a governmental entity, Plaintiff's job performance, including her employment affairs and professional reputation, are matters of public concern.  (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, see also *Aisenson v. American Broadcasing Company* (1990) 220 Cal.Ap.3d 146.)

Plaintiff has not alleged in the First Amended Complaint that Defendants discussed any private facts relating to Plaintiff and Plaintiff's performance as the general manager of the district was a public issue because she was charged with implementing public policies as determined by the board of directors.

In *Morrow v. Los Angeles Unified School District*, the court noted that the public has a significant interest in the professional competence and conduct of public officials and that debate over such issues "lies at the heart of the First Amendment."  (*Morrow v. Los Angeles Unified School District* (2007) 149 Cal.App.4th 1424, 1436-1437.)

In this case, Plaintiff's First Amended Complaint makes it clear that the board was concerned with her management of the district, and the statements complained of dealt with her job performance.  Thus, the manner in which Plaintiff exercised her discretion as the general manager of the district was a matter of public concern and is subject to legitimate public debate.

As such, Plaintiff cannot maintain her ninth cause of action, and it also is stricken under the Anti-SLAPP provisions of Section 425.16 of the California Code of Civil Procedure.

**Tenth Cause of Action for Defamation**

The Defendants argue that the tenth cause of action infringes upon their freedom of speech pursuant to California Code of Civil Procedure Section 425.16.  Defendants also contend that any statement in which Plaintiff bases her defamation claim concerned a matter of public interest because it was based on Plaintiff's performance as general manager of the district.

Plaintiff has asserted and alleged that the statements made by Defendants were made with malice and in retaliation for her complaints of discrimination and harassment.  Plaintiff has argued that statements were made to private citizens outside of any official duty and outside of any judicial proceeding.  Plaintiff also argued that the release of two pages of the confidential investigative report was not privileged.  These allegations are not contained in the First Amended Complaint.

The Court finds that Plaintiff has not alleged facts to support the tenth cause of action for defamation.  Under California Civil Code section 45, defamation is the false and unprivileged publication which exposes any person to hatred, contempt, ridicule or obloquy or which has the tendency to injure him in his occupation.  Plaintiff's allegations demonstrate that Defendants' statements were made during the discharge of official duties and therefore those statements are rendered privileged under California Civil Code section 47**.**  (Paragraphs 49 and 51 of the First Amended Complaint.)

Moreover, Defendants' statements are protected by the executive officer privilege of California Civil Code section 47(a).  That section provides that "a privileged publication or broadcast is one made in the proper discharge of an official duty."  Plaintiff has admitted in her

First Amended Complaint that at all times relevant, Defendants Johnson and Clarke, as CPCSD board members, were agents for CPCSD, and each of the acts done by them which are complained of herein was done under the color of authority of that public entity.  Thus, by that allegation and admission, Johnson and Clarke, and therefore the District, are protected by the executive privilege as any statements allegedly made by them were in the context of their official duties and authority as members of the board of directors of CPCSD.

Although Plaintiff also alleges that Defendants' statements were "not communicated in the course of the board's business," (First Amended Complaint at ¶ 93) virtually the same contention was analyzed and dismissed in the *Morrow* case.  In that case the plaintiff was a high school principal who was terminated after three fights occurred at the school.  The Superintendent of Schools made statements to a newspaper reporter regarding the school's need for stronger leadership and the inconsistency of the plaintiff's retirement plans with the needs of the school.  An Anti-SLAPP motion to strike was filed.  The plaintiff argued that the executive privilege could not apply to the Superintendent because he was not exercising a policymaking function when he made the statements to the newspaper.  The *Morrow* court determined that the executive privilege broadly encompasses all discretionary acts essential to the proper exercise of an executive function decision.  (*Morrow v. Los Angeles Unified School District* (2007) 149 Cal.App.4th 1424, 1442, citing *Copp v. Paxton* (1996) 45 Cal.App.4th 829.)

In the case before this Court, the Defendants made an executive function decision when they discussed Plaintiff's performance and the implications of the performance on whether to renew Plaintiff's contract.  Therefore, the executive privilege does apply and Plaintiff cannot meet her burden of demonstrating a probability of prevailing on her defamation claim.  As such,

the tenth cause of action is stricken pursuant to the Anti-SLAPP provisions and the executive officer privilege.

For those reasons, the motions to strike Plaintiff's eighth, ninth, and tenth causes of action are granted.

**<u>Leave to Amend</u>**

In this case the Court finds that granting leave to amend would be futile and that there are no circumstances and no allegations which have been presented to the Court, even through the declaration of the Plaintiff, that would give rise to a cause of action and maintain a cause of action under these three claims.  For those reasons, the Court denies Plaintiff's request for leave to amend.

THEREFORE IT IS ORDERED that the Anti-SLAPP Special Motions to Strike (California Code of Civil Procedure § 425.16) against Plaintiff's 8th cause of action for Invasion of Privacy (False Light), 9th cause of action for Invasion of Privacy (Public Disclosure of Private Facts), and 10th cause of action for Defamation filed on behalf of Defendants Cameron Park Community Services District, David M. Johnson, and Alan Clarke are hereby granted without leave to amend.

IT IS SO ORDERED:


Dated: July 15, 2010                         /s/ John A. Mendez_____
                                             UNITED STATES DISTRICT JUDGE

**Approved as to form:**


Dated: July 15, 2010                    EVANS WIECKOWSKI & WARD, LLP


                                        By: /s/ James K. Ward
                                            James K. Ward
                                            Attorney for Defendant
                                            CAMERON PARK COMMUNITY
                                            SERVICES DISTRICT

Dated: July 15, 2010                    Law Offices of Mary-Alice Coleman


                                        By: /s/Michael Ahmad
                                            Michael Ahmad
                                        Attorneys for Plaintiff
                                        TAMMY MEFFORD

Dated: July 15, 2010                    LAPLANTE SPINELLY & DONALD


                                        By: /s/Domenic Spinelli
                                            Domenic Spinelli
                                            Attorneys for Defendant
                                            DAVID M. JOHNSON

Dated: July 15, 2010                    PORTER SCOTT


                                        By: /s/Carl L. Fessenden
                                            Carl L. Fessenden
                                            Derek J. Haynes
                                            Attorneys for Defendant
                                            ALAN CLARKE

### DECLARATION OF SERVICE

[Federal Rules of Civil Procedure, Rule 5(b)]
[CCP §§1011, 1012, 1012.5, 1013 and 1013a]

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within-entitled case.  I am an employee of EVANS, WIECKOWSKI & WARD, LLP, and my business address is 745 University Avenue, Sacramento, California 95825.

On this date, I served the following document:

__x_   by causing a true copy thereof to be delivered to the party or parties at the address(es) listed below, by and/or through the services of:

__x_   Electronic Mail

| | |
|---|---|
| Law Office of Mary-Alice Coleman<br>Mary-Alice Coleman<br>Thomas B. Gill<br>1109 Kennedy Place, Suite #2<br>Davis, CA 95616<br>T:  (916)498-9131<br>F:  (916)304-0880<br>MailTo:info@lawofficemac.com | Domenic Spinelli<br>Laplante Spinelli & Donald<br>815 S Street 2 Fl<br>Sacramento, CA 95814<br>T:  (916)448-7888<br>F:  (916)448-6888<br>MailTo:domenics@lsdnlaw.com |
| Anthony Diepenbrock<br>DIEPENBROCK & COTTER<br>1545 River Park Dr., #201<br>Sacramento, CA 95815<br>T:  (916)565-6222<br>F:  (916)565-6220<br>MailTo:td@diepenbrockcotter.com | ~~William Schmidt~~<br>~~William Schmidt and Associates~~<br>~~1419 21st Street~~<br>~~Sacramento, CA 95814~~<br>~~T:  (916)447-2451~~<br>~~F:  (916)447-8066~~<br>~~MailTo:wschmidt@wschmidtandassociates.com~~<br><br>Carl L. Fessenden, Esq.<br>PORTER SCOTT<br>350 University Ave., Ste. 200<br>Sacramento, CA 95825<br>MailTo:cfessenden@porterscott.com |

I am familiar with the business practice of EVANS, WIECKOWSKI & WARD, LLP, with regard to collection and processing of documents for mailing with the United States Postal Service.  The documents described above were sealed and placed for collection and mailing on the date stated below.  Pursuant to said business practices, documents were deposited with the United States Postal Service in Sacramento, California, that same day in the ordinary course of business.

[PROPOSED] ORDER ON ANTI-SLAPP MOTION TO STRIKE- 10

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed at Sacramento, California, on March_____, 2010.

_____

Andrea Cervantes