JAMES K. WARD, ESQ. (SBN 117639)
DANIEL P. JAY, ESQ. (SBN 215860)
EVANS, WIECKOWSKI & WARD, LLP
745 University Avenue
Sacramento, CA 956825
Tel:  (916)923-1600
Fax:  (916)923-1616

Attorneys for Defendant(s)
CAMERON PARK COMMUNITY SRVICES DISTRICT

UNITED STATES DISTRICT COURT

Eastern District of California

Sacramento Division

| | |
|---|---|
| TAMMY MEFFORD,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>CAMERON PARK COMMUNITY SERVICES DISTRICT, a public entity; ALAN CLARKE, an individual; DAVID M. JOHNSON, an individual and; KENNETH E. CATER an individual<br><br>　　　　　Defendant(s). | Case No.:  2:09-CV-02992 JAM-KGM<br><br>**ORDER ON DEFENDANTS' (CAMERON PARK COMMUNITY SERVICES DISTRICT, DAVID JOHNSON, ALAN CLARKE)MOTIONS TO DISMISS [FRCP 12(b)(6)]**<br><br>**Date;  June 30, 2010**<br>**Time:  9:30 a.m.**<br>**Dept.:  6**<br><br>**Before the Honorable John Mendez** |

The respective Federal Rule of Civil Procedure, Rule 12(b)(6) Motions to Dismiss by Defendants, Cameron Park Community Services District, David M. Johnson and Alan Clarke and David M. Johnson's and Alan Clarke's Motions for a More Definite Statement came on for hearing in Department 6 on June 30, 2010. Michael Ahmad appeared on behalf of Plaintiff Tammy Mefford.  James K. Ward appeared on behalf of Cameron Park Community Services District.  Domenic Spinelli appeared on behalf of David M. Johnson.  Derek Haynes appeared on behalf of Alan Clarke.

[PROPOSED] ORDER ON MOTION TO DISMISS- 1

After full consideration of the written and oral submissions by the parties, the Court rules as follows:

As to the third cause of action for Retaliation in Violation of Plaintiff's Right to Free Speech, the claim requires a five-step analysis:

1. The Court needs to determine whether the plaintiff spoke on a matter of public concern.

2. Whether the plaintiff spoke as a private citizen or public employee.

3. Whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action.

4. Whether the state had an adequate justification for treating the employee differently from other members of the public.

5. Whether the state would have taken the adverse employment action even absent the protected speech. (*Eng v. Cooley* (2009 9th Cir.) 552 F.3d 1062, 1070.)

Plaintiff bears the burden of showing the speech was spoken in the capacity of a private citizen and not a public employee. (*Garcetti v. Ceballos* (2006) 547 U.S. 410.) Statements are made in the speaker's capacity as a citizen if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform.

"When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." (*Garcetti v. Ceballos* (2006) 547 U.S. 410, 421.)

In the case before the Court, the First Amended Complaint contains no allegations that she was retaliated against for statements she made as a private citizen. The First Amended Complaint alleges that Plaintiff's statements were made in the scope of her employment as the general manager of CPCSD. For example, paragraph 24 of the First Amended Complaint contains an allegation that Plaintiff tried to personally address her workplace concerns and warned the directors and Mr. Biegler that she would not tolerate harassment and inappropriate treatment of her female staff members.

There is no question from the allegations in the First Amended Complaint that they were, in fact, made as part of Plaintiff's job responsibilities as the general manager of CPCSD. She was clearly acting as a public employee when the statements were made, and because of that, there was no protected speech that led to an adverse employment action.

Accordingly, Defendants' (Cameron Park Community Services District, David Johnson and Alan Clarke) Motions to Dismiss the 3rd cause of action are granted. The Court also grants the motions to dismiss with prejudice. The Court finds that there is no basis for maintaining this claim. There is no evidence before the Court or any allegations raised during the oral argument that convinces the Court that this claim could be amended and therefore maintained. Allowing leave to amend would be futile as a matter of law. Thus, the Court grants the motions to dismiss with prejudice.

On the motions filed by Defendants Johnson and Clarke for a more definite statement as to the 11th cause of action for conversion, the Court grants the motions with 20 days leave to amend. The Complaint needs to include as best it can the date and time and the property that was allegedly converted.

The motion filed by Cameron Park Community Services District to dismiss the 12th cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing is denied. Plaintiff has alleged enough to maintain this claim. (First Amended Complaint at ¶ 102.)

THEREFORE IT IS ORDERED that the Federal Rules of Civil Procedure, Rule 12(b)(6) Motions to Dismiss the 3rd cause of action for Retaliation for Engaging in Protected Speech which were brought by Defendants Cameron Park Community Services District, David Johnson and Alan Clarke are granted without leave to amend. The Motions for a More Definite Statement filed by Defendants Johnson and Clarke against the 11th cause of action for conversion are granted with leave to amend. The Federal Rules of Civil Procedure, Rule 12(b)(6) Motion to Dismiss filed by Cameron Park Community Services District against the 12th cause of action is denied.

IT IS SO ORDERED:


Dated: July 15, 2010                         /s/ John A. Mendez
                                             UNITED STATES DISTRICT JUDGE

**Approved as to form:**

Dated: July 15, 2010                           EVANS WIECKOWSKI & WARD, LLP

                                               By: /s/ James K. Ward
                                                   James K. Ward
                                                   Attorney for Defendant
                                                   CAMERON PARK COMMUNITY
                                                   SERVICES DISTRICT

Dated: July 15, 2010                           Law Offices of Mary-Alice Coleman


                                               By: /s/Michael Ahmad
                                                   Michael Ahmad
                                                   Attorneys for Plaintiff
                                                   TAMMY MEFFORD

Dated: July 15, 2010                           LAPLANTE SPINELLY & DONALD


                                               By: /s/Domenic Spinelli
                                                   Domenic Spinelli
                                                   Attorneys for Defendant
                                                   DAVID M. JOHNSON

Dated: July 15, 2010                           PORTER SCOTT


                                               By: /s/Carl L. Fessenden
                                                   Carl L. Fessenden
                                                   Derek J. Haynes
                                                   Attorneys for Defendant
                                                   ALAN CLARKE

**DECLARATION OF SERVICE**
[Federal Rules of Civil Procedure, Rule 5(b)]
[CCP §§1011, 1012, 1012.5, 1013 and 1013a]

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in the within-entitled case. I am an employee of EVANS, WIECKOWSKI & WARD, LLP, and my business address is 745 University Avenue, Sacramento, California 95825.

On this date, I served the following document:

__x_    by causing a true copy thereof to be delivered to the party or parties at the address(es) listed below, by and/or through the services of:

__x_    Electronic Mail

| | |
|---|---|
| Law Office of Mary-Alice Coleman<br>Mary-Alice Coleman<br>Thomas B. Gill<br>1109 Kennedy Place, Suite #2<br>Davis, CA 95616<br>T: (916)498-9131<br>F: (916)304-0880<br>MailTo:info@lawofficemac.com | Domenic Spinelli<br>Laplante Spinelli & Donald<br>815 S Street 2 Fl<br>Sacramento, CA 95814<br>T: (916)448-7888<br>F: (916)448-6888<br>MailTo:domenics@lsdnlaw.com |
| Anthony Diepenbrock<br>DIEPENBROCK & COTTER<br>1545 River Park Dr., #201<br>Sacramento, CA 95815<br>T: (916)565-6222<br>F: (916)565-6220<br>MailTo:td@diepenbrockcotter.com | ~~William Schmidt~~<br>~~William Schmidt and Associates~~<br>~~1419 21st Street~~<br>~~Sacramento, CA 95814~~<br>~~T: (916)447-2451~~<br>~~F: (916)447-8066~~<br>~~MailTo:wschmidt@wschmidtandassociates.com~~<br><br>Carl L. Fessenden, Esq.<br>PORTER SCOTT<br>350 University Ave., Ste. 200<br>Sacramento, CA 95825<br>MailTo:cfessenden@porterscott.com |

I am familiar with the business practice of EVANS, WIECKOWSKI & WARD, LLP, with regard to collection and processing of documents for mailing with the United States Postal Service. The documents described above were sealed and placed for collection and mailing on the date stated below. Pursuant to said business practices, documents were deposited with the United States Postal Service in Sacramento, California, that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed at Sacramento, California, on March____, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Andrea Cervantes